## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | : CHAPTER 13 |
| **PATRICK FRANCIS DONCHEZ** | : CASE NO: 13-17473-REF |
| | : |
| **Debtor,** | : |
| | : |
| U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee of the WG2 Mortgage Trust VII Series 2013-1 | : |
| Movant. | : Hearing Date: May 12, 2015 @ 9:30am |
| | : Courtroom 1 |
| v. | : |
| | : |
| PATRICK FRANCIS DONCHEZ | : |
| Debtor. | : |
| And | : |
| | : |
| FREDERICK L. REIGLE, ESQUIRE | : |
| Trustee | : |
| | : |
| Respondents | : |

# STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS matter being opened to the Court by Brian E. Caine, Esquire, of the law office of Parker McCay P.A., attorney for the secured creditor, U.S. Bank Trust National Association, as Trustee of the WG2 Mortgage Trust VII Series 2013-1 (hereinafter "Movant"), upon a Motion for Relief from the Automatic Stay and as to Real Property, more commonly known as *468-470 Race Street, Catasauqua, Pennsylvania 18032*; and John Everett Cook, Esquire appearing on behalf of Debtor, Patrick Francis Donchez, and it appearing that the parties have amicably resolved their differences and for good cause shown;

1.  As of May 6, 2015, the Debtor is currently due for the May 1, 2015 post-petition payment, which includes the following:

1 Payment @ $1,618.42 (5/15)

along with the reimbursement of Movant's attorney fees and costs totaling $650.00, for a total sum of $2,268.32.

2.  Debtor shall cure the aforesaid arrearages as follows:

a)  Commencing with the June 1, 2015 monthly post-petition mortgage payment and continuing each month thereafter through and including the November 1, 2015 monthly post-petition mortgage payment, Debtor shall cure the aforesaid arrearages ($2,268.32), by tendering directly to Movant, Debtor's regular monthly post-petition mortgage payment plus an additional payment of $378.07, 1/6 of the total sum of the post-petition arrearages and attorney's fees and costs.

2.  Commencing with the December 1, 2015 post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

3.  The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

4.  If the case is converted to a Chapter 7, the Movant may file a Certification of Default with the Court.

5.  If any of the aforementioned stipulation payments and/or regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant may send Debtor, and Debtor's Attorney, a written notice of

default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property herein.

*The undersigned hereby consent to the form and entry of the within Stipulation.*

_____
Brian E. Caine, Esquire
Attorney for Movant

_____
John Everett Cook, Esquire
Attorney for Debtor

_____ 5/22/15
Frederick L. Reigle, Esquire
Trustee

AND NOW, this _____ day of _____, 2015, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made and Order of this Court.

_____
Honorable Richard E. Fehling
U.S. Bankruptcy Judge, Eastern District of Pennsylvania